# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN "TED" F. SIMPSON, | : | |
| Plaintiff | : | 1:10-cv-1112 |
| v. | : | |
| SERGEANT THOMAS J. NICKLAS, et al., | : | |
| Defendants | : | J. RAMBO |

# **M E M O R A N D U M**

Before the court is Defendant Pennsylvania State Trooper William L. Wagner's motion to dismiss, (Doc. 13) and Defendant Sergeant Thomas J. Nicklas' motion to dismiss (Doc. 15). For the reasons that follow, the motions will be granted.

**I.**    **Background**

   **A. Facts**[1]

On December 6, 2006, an investigation was initiated by Officer Thomas Nicklas of the St. Mary's Police Department. (Compl., Ex. B, at 1 of 13.) Officer Nicklas had received information that a sixteen year-old girl may have been the subject of a sexual assault. (*Id.* at 2 of 13.) Officer Nicklas went to the girl's house to interview her. During the investigation it was determined that a man named Ted Simpson, the manager of the radio station where the girl worked, had bought and supplied alcohol to the girl and then had improper sexual contact with her. (*Id.* at 12

---

[1] The following facts, which are accepted as true for disposition of these motions, are taken directly from Plaintiff's complaint and documents attached thereto.

of 13.) The alleged victim also claimed that on various occasions, Ted Simpson had told her he was a cop and had showed her a badge and guns. (*Id.*)

An investigation was conducted where it was determined that the individual known as "Ted Simpson" was in fact John Frederick Simpson, the Plaintiff here. (*Id*. at 10, 11 of 13.) Officer Nicklas also discovered that Simpson had previously been charged with Furnishing Alcohol to Minors, Impersonating a Public Servant and Prohibited Offensive Weapons and that his "rap sheet" had the alias Ted Simpson. (*Id.* at 9 of 13.) In addition, Officer Nicklas learned that an individual who worked at another radio station who had known Simpson for many years knew he had impersonated a police officer in the past. (*Id.*)

In an attempt to find out more information regarding these past charges, Officer Nicklas contacted the Pennsylvania State Police's Huntington barracks. Officer Nicklas spoke to an unidentified state trooper who said he was not the arresting officer on the previous charges, but that he had known Simpson since high school and knew him to be a "skinhead," "gun fanatic," and armed and that all calls to the Simpson residence required two officers to be present. (*Id.*) This trooper also informed Nicklas that Trooper William L. Wagner had been the arresting officer on the past charges.

When Officer Nicklas talked to Trooper Wagner, Wagner told him that he did not know why the previous charges had been withdrawn, but that it was for political reasons. (*Id.*) Wagner said he had followed up with the law enforcement agency Simpson had claimed to be a member of and the best he could deduce was that Simpson had no actual law enforcement authority, but maybe had been bestowed with the honorary title of volunteer officer. (*Id.*) Trooper Wagner also expressed his

2

opinion that Simpson was a "sly, sick individual who was definitely bad news." (*Id.*) Officer Nicklas followed up with the police departments where Simpson claimed to be employed, and confirmed that no "John Simpson" was on any payroll. (*Id.*)

Although there was an extensive case report regarding the rape allegations and statements from the victim that Simpson had told her he was a cop, provided her with alcohol, and proceeded to engage in unwanted sexual contact with her, the only charges that were actually brought against Simpson were for Furnishing Alcohol to a Minor and Corruption of Minors. (Compl. Ex. A, at 2 of 7.)

On November 10, 2009, a non-jury trial was held before the Honorable Richard A. Masson in the Elks County Court of Common Pleas. (Compl. ¶ 16.) Simpson was found not guilty of Furnishing Alcohol to Minors, and the accompanying Corruption of Minors charge was dismissed by the prosecutor. (*Id.* ¶ 18.)

### B. Procedural History

On May 24, 2010, Plaintiff filed this complaint against Sergeant Thomas J. Nicklas, Trooper William L. Wagner, and an unknown Pennsylvania State Trooper. (Doc. 1.) On July 09, 2010, Defendant Wagner filed a motion to dismiss and brief in support. (Docs. 13, 14.) Defendant Nicklas followed with his own motion to dismiss and brief in support on July 15, 2010. (Doc. 15, 16.) On August 6, 2010, and August 13, 2010, Plaintiff filed briefs in opposition to the respective motions. (Docs. 24, 29.) On August 13, 2010, Defendant Wagner filed his reply brief. (Doc. 30.) Although the time for Defendant Nicklas to file a reply brief has not yet passed, the court finds that Plaintiff has failed to state a claim upon which relief can be granted, and will consider both motions as ripe at this stage.

3

**II.**     **<u>Standard or Review</u>**

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1950 (2009)).

The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the

plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

**III.      Discussion**

Simpson brings this case pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated his 14th Amendment rights because of their investigation of him

5

and their decision to brings charges against him.[2] Defendants argue that Plaintiff has failed to state a viable claim, and that even if he has, Defendants are entitled to qualified immunity. The court agrees that Plaintiff's complaint has failed to state a claim upon which relief can be granted, and as such, will grant both Defendants' motions.

Simpson outlines the events of leading up to charges being brought against him and then simply states that his 14th Amendment rights were violated pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (internal quotation omitted). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution and the laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682,

---

[2] Simpson's complaint alleges a violation of his "13th Amendment Equal Protection Under the Law and 14th Amendment Procedural and Substantive Due Process of Law." Although repeated throughout the complaint, the court will assume Plaintiff meant 14th amendment and not 13th amendment claims, as the 13th amendment pertains to the abolition of slavery.

685 (3d Cir. 1993). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Simpson cites to no case law, and the court is certainly not aware of any, that states that an individual has a right to be free from a police investigation based upon reasonable information. Simpson's complaint and briefs in opposition are less than helpful and provide more confusion than clarification on exactly what constitutional right he claims was violated. Simpson alleges, and the court accepts as true, that Defendant Nicklas received information about a suspected rape and followed up with an investigation. During the course of this investigation, he spoke to an unknown state trooper and Trooper Wagner, both of whom claimed to have had unpleasant experiences with Simpson in the past. Simpson makes clear in his opposition brief that he is not bringing a claim for a deprivation of his reputation, but what Simpson fails to make clear is exactly what deprivation he is claiming. Simpson was eventually charged with Corruption of Minors and Furnishing Alcohol to Minors. One charge for which he was found not guilty, and one charge that was nolle prossed. The court fails to see how this constitutes a deprivation of Simpson's 14th Amendment right for substantive or procedural due process. Not only has Plaintiff's complaint failed to "show [an entitlement to relief] with its facts," *Fowler*, 578 F.3d at 211, it has also not provided allegations to allow "the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. As such,

7

Plaintiff's complaint will be dismissed for failure to state a claim upon which relief can be granted.[3]

**IV.**     **Conclusion**

Plaintiff's complaint has failed to allege facts which amount to a constitutional deprivation under 42 U.S.C. § 1983 against Defendants Nicklas, Wagner, or the unknown Pennsylvania state trooper. In addition, it appears that giving leave to amend would be futile. Therefore, Defendants Nicklas and Wagner's motions will be granted, and for the same reasons the complaint against the unknown state trooper will be dismissed. An appropriate order to issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: September 3, 2010.

---

[3] The court further believes that leave to amend would be futile. There are absolutely no allegations in the complaint that give rise to a constitutional deprivation. Defendants surmise that Simpson was bringing a claim for a deprivation of his reputation, however, Simpson denies this argument. The court will accept Simpson's contention that this is not a deprivation of reputation claim, but is at a loss for what constitutional rights Simpson was actually deprived of. Therefore, based on the allegations in the complaint, leave to amend would be futile.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN "TED" F. SIMPSON, | : | |
| Plaintiff | : | 1:10-cv-1112 |
| v. | : | |
| SERGEANT THOMAS J. NICKLAS, et al., | : | |
| Defendants | : | J. RAMBO |

## **O R D E R**

For the reasons mentioned in the accompanying memorandum of law, Defendants Nicklas and Wagner's motions to dismiss, (Docs. 13, 15), are **GRANTED**. In addition, for the same reasons, the complaint against the unknown Pennsylvania state trooper is **DISMISSED**. Leave to amend would be futile, therefore, the Clerk of Court is directed to close this case.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: September 3, 2010.